# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Michael Ermilio,<br><br>              Plaintiff,<br><br>v.<br><br>Transportation Alliance Bank, Inc., d/b/a/ TAB Bank,<br><br>              Defendant. | Court File No.: 3:21-cv-00652<br><br><br>**ANSWER** |

Defendant Transportation Alliance Bank, Inc., d/b/a TAB Bank ("TAB Bank") for its Answer to Michael Ermilio's ("Plaintiff" or "Ermilio") Complaint, denies every allegation in the Complaint except as expressly admitted or qualified herein and further states as follows:

1.      In response to paragraph 1, TAB Bank admits that Ermilio seeks damages for alleged violations of the Wisconsin Consumer Act ("WCA"). TAB Bank denies that any such violations occurred.

2.      In response to paragraph 2, TAB Bank admits that Wisconsin state courts are courts of general jurisdiction and are competent to preside over most claims alleging violations of the WCA. TAB Bank denies the remaining allegations in paragraph 2. TAB Bank affirmatively asserts that it removed this lawsuit to the United States District Court for the Western District of Wisconsin because Ermilio's claims arise, in part, under the Federal Deposit Insurance Act and federal law completely preempts Ermilio's claim that TAB Bank violated Wis. Stat. § 422.202(1)(d).

3. In response to paragraph 3, TAB Bank denies that venue is appropriate in the Circuit Court for the County of Barron because TAB Bank removed this lawsuit to the United States District Court for the Western District of Wisconsin.

4. Upon information and belief, TAB Bank admits the allegations in paragraph 4.

5. TAB Bank lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 and therefore denies them.

6. The allegation in paragraph 6 states a legal conclusion to which no response is required. To the extent a response may be required, TAB Bank admits that Ermilio is a "customer" within the meaning of Wis. Stat. § 421.301(17) and denies that Wis. Stat. § 421.301(17) contains a definition of "consumer."

7. The allegation in paragraph 7 states a legal conclusion to which no response is required. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

8. TAB Bank admits the allegations in paragraph 8.

9. TAB Bank admits that it is a sophisticated business and denies the remaining allegations in paragraph 9.

10. In response to paragraph 10, TAB Bank admits that it may collect debts using the mail and telephone but denies that it has done so with respect to Ermilio.

11. The allegation in paragraph 11 states a legal conclusion to which no response is required. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

12. The allegations in paragraph 12 state legal conclusions to which no response is required. To the extent a response may be required, TAB Bank admits it is a "merchant" within

the meaning of Wis. Stat § 421.301(25), specifically denies that it is an "assignee," and otherwise denies the allegations and characterizations therein.

13. The allegations in paragraph 13 state legal conclusions to which no response is required. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

14. The allegations in paragraph 14 state legal conclusions to which no response is required. To the extent a response may be required, TAB Bank denies the allegations in paragraph 14.

15. The allegations in paragraph 15 state legal conclusions to which no response is required. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

16. TAB Bank lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 and therefore denies them.

17. TAB Bank lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 and therefore denies them.

18. Upon information and belief, TAB Bank admits the allegations in paragraph 18.

19. Upon information and belief, TAB Bank admits the allegation regarding Ermilio's application for credit and otherwise denies the allegations in paragraph 19.

20. TAB Bank lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 and therefore denies them.

21. TAB Bank denies the allegations in paragraph 21.

22. TAB Bank denies the allegations in paragraph 22.

23. The allegations in paragraph 23 refer to and interpret a written document, the content of which speaks for itself. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

24. TAB Bank admits the contract contained an arbitration clause and denies the remaining allegations of paragraph 24.

25. The allegations in paragraph 25 refer to and interpret a written document, the content of which speaks for itself. TAB Bank denies the remaining allegations in paragraph 25.

26. The allegation in paragraph 26 contains a statement of law to which no response is required. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

27. The allegations in paragraph 27 refer to and interpret a written document, the content of which speaks for itself. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

28. The allegations in paragraph 28 state legal conclusions to which no response is required. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

29. The allegations in paragraph 29 refer to and interpret a written document, the content of which speaks for itself. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

30. The allegations in paragraph 30 state legal conclusions to which no response is required. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

31. The allegations in paragraph 31 refer to and interpret a written document, the content of which speaks for itself. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

32. The allegations in paragraph 32 state legal conclusions to which no response is required. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

33. The allegations in paragraph 33 refer to and interpret a written document, the content of which speaks for itself. The allegations in paragraph 33 also state legal conclusions to which no response is required. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

34. The allegations in paragraph 34 state legal conclusions to which no response is required. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

35. The allegations in paragraph 35 refer to and interpret a written document, the content of which speaks for itself. The allegations in paragraph 35 also state legal conclusions to which no response is required. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

36. The allegations in paragraph 36 state legal conclusions to which no response is required. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

37. The allegations in paragraph 37 refer to and interpret a written document, the content of which speaks for itself. The allegations in paragraph 37 also state legal conclusions to

which no response is required. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein

38. The allegations in paragraph 38 state legal conclusions to which no response is required. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

39. TAB Bank lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39 and therefore denies the same.

40. The allegations in paragraph 40 state legal conclusions to which no response is required. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

41. TAB Bank denies the allegations in paragraph 41.

42. The allegations in paragraph 42 state legal conclusions to which no response is required. To the extent a response may be required, TAB Bank admits that the transaction is a "consumer transaction."

43. The allegations in paragraph 43 state legal conclusions to which no response is required. To the extent a response may be required, TAB Bank denies the allegations and characterizations therein.

44. TAB Bank admits the allegations in paragraph 44.

45. TAB Bank admits that Ermilio agreed to the terms of the contract as proposed. TAB Bank lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 45 and therefore denies the same.

46. TAB Bank lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 46 and therefore denies the same.

47.     In response to paragraph 47, TAB Bank admits that simple interest was charged at an annual rate of 153.39%. TAB Bank denies the remaining allegations in paragraph 47.

48.     TAB Bank denies the allegations in paragraph 48.

49.     As to paragraph 49, TAB Bank incorporates its responses to paragraphs 1-48.

50.     TAB Bank denies the allegations in paragraph 50.

51.     TAB Bank denies the allegations in paragraph 51.

52.     TAB Bank admits that Ermilio makes the requests therein, but denies that Ermilio is entitled to the relief demanded.

53.     TAB Bank admits that Ermilio makes the requests therein.

## AFFIRMATIVE DEFENSES

On information and belief, based on information or lack thereof now available to TAB Bank, the following affirmative defenses may apply to bar Ermilio's claims in whole or in part:

54.     Ermilio fails to state a claim on which relief may be granted.

55.     Ermilio has suffered no damages, TAB Bank did not cause any purported damages, and any purported damages were caused by Ermilio's own actions or inaction or the actions or inactions of third parties.

56.     Ermilio's failure to mitigate its purported damages bars its claims in whole or in part.

57.     Ermilio's claims are preempted in whole or in part by federal law, including, but not limited to, the Federal Arbitration Act and the Federal Deposit Insurance Act.

58.     TAB Bank reserves the right to assert additional affirmative defenses for which discovery may provide the basis of such defenses.

WHEREFORE, TAB Bank requests this Court provide the following relief:

1. Deny the relief sought in Ermilio's Complaint;

2. Dismiss Ermilio's claims against TAB Bank with prejudice;

3. Award TAB Bank its costs, disbursements, and attorneys' fees incurred by this proceeding; and

4. Such other relief as the Court deems just and proper.

DATED: October 22, 2021             **BALLARD SPAHR LLP**

By: */s/ Karla M. Vehrs*
Karla M. Vehrs #1089860
vehrsk@ballardspahr.com
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 371-3211

**Attorneys for Defendant Transportation Alliance Bank, Inc. d/b/a TAB Bank**